**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATE OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 18 CR 789 |
| | ) The Honorable Gary Feinerman |
| **DENY MITROVICH,** | ) Judge Presiding |
| | ) |
| **Defendant.** | ) |

## MOTION TO DISMISS

NOW COMES the defendant, Deny Mitrovich, by and through his attorney, and moves to dismiss the instant charge(s) because his right to a speedy trial has been denied by the prejudicial delay of the prosecution which did not institute proceedings until a full three and one half years had passed from the date of Mitrovich's arrest to the date charges were first filed.

In support whereof:

1. Deny Mitrovich was arrested on May 20, 2015 when a search warrant specifying a location but not a name was executed at his home and certain property contained therein was seized.

2. Deny Mitrovich was on or about November 20, 2018 for the first time charged with offenses arising from this search, a full three and one half years after the search was executed and Deny Mitrovich was detained. This period is clearly long enough to presume prejudice.

3. The offenses of which he is charged are based upon the contents of electronic devices acquired and statements allegedly made to authorities three and one half years ago.

4. It approaches human impossibility to recall with sufficient accuracy what was stated by defendant at the relevant interviews three and one half years ago.

5.     The prosecution was given the opportunity to contemporarily write up notes of the interview during the interviews and have others present and/or observing.  These notes will doubtless be the predicate upon which the prosecution's witness' testimony will be based.

6.     The defendant was given no such equivalent opportunity to write notes of the statements.

7.     For reasons unknown to the defendant, the government made no attempt to preserve an accurate and nearly unquestionable record of any interview by any technological means whatsoever, although means were at their disposal.

8.     The defendant was given no opportunity, nor did he have the means to record the interview(s).

9.     The defendant lost a potential witness, a close friend, to death, who could have testified to alternative ways the alleged contraband came to be on the computer had he not died:  Eric Lee Miller, who passed away September 14, 2018.

10.    There was no justification given defense for the delay, occasioned solely by the prosecution.

11.    During those three and one half years, Mitrovich was left in a position of being neither fully free nor charged, not knowing his status, and facing great stress and anxiety over those years.

12.    In *Strunk v. U.S.* 412 U.S. 434 (1973) the Supreme Court ruled dismissal of the charges is the only remedy for denial of a speedy trial.

13.    *Moore v. Arizona,* 414 U.S. 25 held an affirmative demonstration of prejudice is not essential to a speedy trial claim.  Rather, the Court must weigh the reasons for the delay.

14.    In *U.S. v. Andre Patterson*, No. 16-2119 (7th Circ. September 18, 2017) the Court reiterated the rule: "In order to determine whether a defendant has been deprived of his speedy trial right, we assess whether the delay before trial was uncommonly long, whether the

government or the criminal defendant bears more of the blame for that delay, whether the defendant asserted his right to a speedy trial in due course, and the extent of prejudice that the defendant suffered as a result of the delay. *Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)." *Doggett* holds even absent bad faith on the part of the government, the defendant need not necessarily show specific prejudice to prevail on a constitutional speedy trial claim.

15. Defendant did not acquiesce in or consent to the delay.

16. There is nothing "inevitable" or "justifiable" in the government's three and one half year delay in filing charges.

17. Unlike the cases in which a defendant, facing charges, fails to demand a speedy trial, your movant Mitrovich had no charges on which to demand a speedy trial.

18. In *Patterson*, supra, the acts occurred in November, 2011 and charges were filed 31 days later. This shows that it is feasible for charges to be brought much more quickly than the approximate 1280 days from arrest to charging.

19. The absence of a speedy trial demand before charging has to be excused as a matter of law. Mitrovich's counsel had no opportunity to evaluate the case as all the materials were in the possession of the government. It is frankly absurd to require a speedy trial demand before charges are filed, as there can be no trial without charges. It is unfair to predicate the right to a speedy trial on a defendant's demand for trial when the defendant lacks the necessary discovery to evaluate his case.

20. Not only is the delay before charging uncommonly long, since the filing of charges is a matter entirely within the government's control, subject to their convenience and factors such as seeking an advantage through delay, this severe delay will remain uncommonly long only so long as the Courts prohibit it. Consider the government, has no requirement or incentive other than the

constitutional guarantee of a speedy trial to file charges within a reasonable time: 18 U.S.C. 3282 and 3283, the federal statutes of limitations, ranges from five years to nonexistent.

21. The right to a speedy trial under the Sixth Amendment is activated upon either arrest **or** the filing of charges. *Dillingham v. U.S.*, 423 U.S. 64 (1975).

22. Mitrovich's search and his detention on May 20, 2015 were at his residence, 4926 N. Kedzie, Apt. 3N. Chicago, Illinois. Mitrovich continually resided openly at that address to this date.

23. No delay was pursuant to authorization by any court.

24. Discovery tendered to this date fails to show any justification whatsoever for the years of delay.

Wherefore, the defendant, Deny Mitrovich, moves to dismiss the charges with prejudice.

_____
/s/Barry M. Lewis

Barry M. Lewis
500 N. Michigan Ave.
Suite 600
Chicago, Illinois 60611
Atty. No. 1646990
312-372-2221
Blewislaw@att.net