UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATE OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 18 CR 789 |
| | ) The Honorable GARY FEINERMAN, |
| **DENY MITROVICH,** | ) Judge Presiding |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

The issue in this case is the application of the Due Process clause and the Bill of Rights Speedy Trial clause to a three and one half year delay. This delay was imposed by the Government upon movant, absent the Government providing any reason let alone justification whatsoever. Fortunately for the constitutional rights of the average accused, this situation is unheard of. Neither party has located or cited a case so egregious. However, the closest case to these facts, *Doggett,* infra, indicates dismissal is compelled.

The principal difficulty with the Government's Response is its mechanical application of an indictment as a necessary prerequisite to trigger the Speedy Trial clause. This ignores the universal language of the cases on the subject, which state the Speedy Trial clause is triggered not just by arrests and indictments, but by any and all other "official accusation[s]." This ignores the Speedy Trial clause's terms which apply to the "accused." An arrest is not an essential part of a Speedy Trial analysis. *Doggett,* 505 U.S. 647, 654 (1992) specifically rejected the need for an arrest to trigger the Speedy Trial clause. The arrest in *Doggett* occurred *after* the defendant's right to a speedy trial was denied.

Movant has not located a case stating the exact definition of "other official accusation" within or outside of the language "by arrest, indictment, **or other official accusation**…" However, indications are that this includes a search warrant. The Supreme Court has defined the related phrase "official act" in the context of the federal bribery statute. *McDonnell v. U.S.,* 136 S.Ct. 2355, 2371, (2016) states "...an 'official act' is a decision or action on a 'question, matter, cause, suit, proceeding or controversy'....[which] must involve a formal exercise of government power that is similar in nature to a lawsuit before a court…." Certainly a search warrant qualifies. Like a lawsuit before a court, an attorney files a pleading initiating the action. In the case of a search warrant, the pleading initiating the action requires an affidavit supporting it. The pleading and affidavit is presented, with a witness, for a judge to review. A formal court order results from the testimony and affidavit if approved by the judge. The resulting court order is then implemented by a group of officials whose authority to act as they do is entirely dependent upon the grant of and the extent of the court order which authorizes what otherwise would be an illegal act by each and every officer involved. "Or," which precedes "other official accusation" generally implies alternatives as held in *U.S. v. Loniello,* 610 F.3d 488, 493, (7th Cir. 2010), certiorari denied 563 U.S. 929.

The accusation, detailed in the search warrant application and issuance by a judge, involved more "accusation" than a complaint which the Government must concede is a triggering event. A criminal complaint need not be approved by a judge in a hearing nor by majority vote of a grand jury, nor need it be as specific. A complaint for a search warrant specifies in its official accusation exactly what crimes the subject allegedly committed, just as in a criminal complaint. It continues to detail the specific acts

involved at great length, much more than is contained within the much later complaint or indictment. The direct consequence of a complaint or indictment in Federal court is a defendant *may* be arrested and when and if defendant is, he or she is usually released within hours. The direct consequence of the issuance of a search warrant is that defendant's home is surrounded by numerous officers, it and his or her person is searched. The subject, and others present, is detained, and property, including entirely innocent property, is seized. This takes place in front of neighbors and friends. So it was in the instant matter. A complaint for a search warrant is nothing less than a criminal complaint on steroids.

The truly incredible aspect of the Government's claim is that there is no prohibition against their having done nothing in the three and a half years, negating any and all constitutional imperatives solely because they have in fact done nothing since causing a search warrant to issue and be executed. Citizens in their viewpoint have no statutory or constitutional protections whatsoever until indictment. Absent an indictment, they can do whatever, whenever, if ever, at their convenience.

That is not just illogical, it is untrue. The Supreme Court and other courts under its jurisdiction have repeatedly stated there is no requirement for an indictment before the Bill of Rights applies. In *Doggett v. U.S.,* 505 U.S. 647, 654, 666 (1992), the Supreme Court rejected the Government's claims the Speedy Trial Clause was inapplicable, holding "Once triggered by arrest, indictment, or **other official accusation,** however, the speedy trial enquiry must weigh the effect of delay." "Official bad faith in causing delay will be weighed heavily against the Government." As to negligence, "...neither is negligence automatically tolerable simply because the accused cannot demonstrate

3

exactly how it has prejudiced him."(emp. supp.) Regarding the effect of delay: "One cannot generally be sure [whether the Government or defendant is] prejudiced more severely. Thus we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. [The delay] is part of the mix of relevant facts, and its importance increases with the length of the delay." *Doggett,* supra at page 655. See also *U.S. v. Richardson,* infra and numerous cases stating triggering the Speedy Trial clause by "…other official accusation."

Note there is nothing in the four part *Barker v. Wingo,* 407 U.S. 514 (1972) test or anything intrinsic to the concerns addressed by the Speedy Trial Clause which bar its application until after the formal issuance of an indictment. The concern is delay. An indictment is not an essential part of the *Doggett, Barker, Marion* analyses nor of the language expressing it. The dismissal of the charges in *Doggett* did not depend on an arrest. The time frame was begun without an arrest, and with only an official accusation. "Invocation of the speedy trial provision need not await indictment, information, or other formal charge." *U.S. v. Marion,* 407 U.S. 307, 321 (1971). In *Marion,* unlike the present case, "...the indictment was the first **official act** designating appellees as **accused individuals**…" (emph. supp.) Prior thereto there was no search warrant, no arrest however brief, and only newspaper articles from the media's investigation, together with commentary from a single U.S. attorney suggesting that an indictment may follow. Obviously, this was no "official act" of accusation by the Government. Obviously, newspaper articles are not official acts of the Government.

4

*U.S. v. Richardson*, 780 F.3d 812, 813 (7th Cir. 2015) plainly recognizes the applicability of the Due Process Clause in the context of Government delay. The Government does not dispute this, but appeals to this Court to extend the limitations within the *Richardson* opinion to the vastly more extreme and different facts herein. *Richardson's* limitations applied to the concurrence of two elements which justified delay: (1) the Government deferred to a state court prosecution and (2) there was a continuing investigation by the Government as to which the defendant has no right to demand "to have the Government wrap up its investigation quickly…". In the combination of those two events, the Government has a duty only under the Due Process clause to step in if the state court prosecution it deferred to "dawdles." *Richardson* represents a very different situation from the present one. It is this Government, not a state, which dawdled. There was no deference to a state prosecution herein. All there is in the instant case is extensive delay lacking any justification of whatsoever nature, kind, or degree. The instant investigation had been wrapped up years before. The limitation in *Richardson,* the necessity of a defendant to prove actual prejudice, should not be extended to place the burden on the defendant to show prejudice from the Government's dawdling. The four part test in *Wingo v. Barker,* is far more appropriate herein. There is little question, as noted in *Richardson,* supra, *U.S. v. Doerr,* 866 F.2d 944 (7th Cir. 1989) and many others the virtual impossibility of *any* accused to show actual prejudice. The constitution contemplates a trial without undue delay. The Due Process clause, and the Sixth Amendment, are both intended to be an insurmountable obstacle to the Government

5

should it intentionally seek delay for its own strategic advantage[1] or neglect a case for many years.

The Government cites a Fourth Circuit opinion, *U.S. v. Burgess*, 684 F.3d 445 (4th Cir. 2012). That opinion should not be extended to this jurisdiction or beyond its facts. A close examination shows it is simply erroneous on the search warrant issue, perhaps by the poor quality of Burgess' brief. Burgess was not present at the search pursuant to the search warrant, and thus did not experience it. He was arrested later on a traffic stop by state authorities and taken into state custody. The opinion is not explicit on the date and time of the arrest, but notes the search warrant was executed March 6, 2008 and he was out on bond by sometime the next day. Burgess failed to appear in the North Carolina state court on March 28, 2008. As a direct result of his failure to appear, he was arrested on the state warrant by federal authorities in Virginia, on June 10, 2008 and returned to North Carolina state custody. While in state custody, on March 17, 2009, a federal indictment was filed and a federal warrant issued the next day. Five days thereafter, the federal habeas corpus was issued. On April 14, 2009, Burgess made his first appearance in federal court, and was transferred at that time to federal custody. *Burgess* is another routine case of the Government deferring for a normal duration to a state prosecution.

---

[1] Mitrovich has no knowledge the Government sought delay for any strategic reason. This is actually immaterial. It is not his burden to establish the bona-fides of facts known only to the Government. No defendant is likely to ever be able to establish the delay was for strategic purposes. Here, the Government has not proposed any justification for or explanation of the delay. The integrity of the judicial process is brought into question by the delay. There are no grounds to presume good-faith or mere negligence on the part of the Government when the Government itself has failed to make any presentation on the issue. The Supreme Court has ruled that once questionable circumstances are demonstrated, the prosecution has the burden of proving justification. See, e.g. *Batson v. Kentucky,* 476 U.S. 79 (1986).

The *Burgess* opinion regarding the search warrant was based upon an appellate brief which lacked analysis or citation of authority. "Burgess separately asserts that his Sixth Amendment right to a speedy trial was violated. However, **he fails to provide an analysis supporting this assertion.** We review the district court's legal conclusions on this issue de novo, and its factual findings for clear error." *Burgess*, supra at page 451. Unfortunately, this hindered the court.

The *Burgess* court did not itself analyze the assertion either. The *Burgess* court simply cited *U.S. v. Woolfolk*, 399 F. 3d 590, 597-8 (4th Cir. 2005) as authority for the proposition "a search warrant does not qualify as a federal 'accusation.'" ***Woolfolk* says no such thing!** There was no search warrant involved in *Woolfolk*. Woolfolk was arrested as he attempted to evade a sobriety checkpoint. The arresting officer concluded Woolfolk was intoxicated, arrested him, and during a search incident to the arrest, discovered drugs. *Woolfolk,* supra at 593. Following termination of the state court proceedings on April 10, 2003, Woolfolk was not released. It was conceded that he was held solely from that point because of the federal detainer. The warrant was not a search warrant. There was none. The warrant was a federal detainer. He was taken formally into federal custody three months later, on July 10, 2003 and was indicted on August 7. *Woolfolk,* supra, at 593-4. Footnote 9 at the end of the *Woolfolk* opinion makes clear the contentions made had nothing to do with a search warrant.

"9. Although Woolfolk's motion to dismiss seemed to target the delay from the serving of the detainer through his impending trial, before this court Woolfolk has centered his Sixth Amendment claim on the delay between the filing of the complaint, warrant, and detainer

7

and his indictment, not between the indictment and trial or even the filing of the complaint, warrant, detainer and trial."

In fact *Woolfolk* **holds the opposite of what** *Burgess* **claims**. At the pages cited in *Burgess,* pages 597-8 of the *Woolford* opinion, the *Woolford* court, citing *U.S. v Thomas,* 55 F. 3d 144 at 149 (4th Cir. 1995) held a warrant[2] was a triggering event. "Under *Thomas,* the filing of the detainer, warrant and complaint on January 9, 2003 triggered Woofolk's Sixth Amendment speedy trial rights." Consequently, Woolfolk's case was remanded for the full hearing under *Barker v. Wingo* 407 U.S. 514 (1972). *Burgess* is not controlling on the instant matter. It is plainly, demonstrably wrong. It should not be given any precedential value. If given any precedential value, it should be limited to its own facts.

Failure to give the search warrant its due as a triggering event would eliminate the meaning of the much-repeated phrase "otherwise officially accused." What else could the phrase mean, if an executed search warrant is not an official accusation? What is more of an official accusation than the Governments written, extensive description of the crime in question?

Downstairs in this building, as one enters, the Bill of Rights, this critical document created by our founding fathers, is displayed by our government in a large brass plaque. Its 475 words define the relationship between the government and the governed since the inception of our republic.

There is no case this counsel, or the Government, has located which justifies the inexplicable three and one half year delay in prosecution. The United States Supreme

---

[2] This appears in context to have been an arrest warrant, not a search warrant.

Court has repeatedly held that one need not be indicted for the Speedy Trial rights under the Sixth Amendment to apply.

## CONCLUSION

This cause should be dismissed under both the Sixth Amendment Speedy Trial clause and the Due Process clause. Both work together to prevent undue delay, solely by the Government, without any, let alone substantial, justification.

Respectfully submitted,

_____
s/Barry M. Lewis
Attorney for defendant
500 N. Michigan Ave. Suite 600
Chicago, IL 60611
312-372-2221
Atty. No. 1646990
Blewislaw@att.net