UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 18 CR 789 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DENY MITROVICH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 20, 2018, a grand jury indicted Deny Mitrovich with knowingly possessing hard drives containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Doc. 1. Federal agents discovered the hard drives while executing a search warrant at Mitrovich's home on May 20, 2015. Docs. 1, 31. After being handcuffed during the search, Mitrovich voluntarily submitted to an interview with law enforcement. Docs. 21, 31.

Mitrovich pleaded not guilty, Doc. 8, and now moves to dismiss the indictment on the ground that the 3½-year delay between May 2015 and the November 2018 indictment violated the Sixth Amendment's Speedy Trial Clause, the Fifth Amendment's Due Process Clause, and Criminal Rule 48(b). Docs. 17, 22. The motion is denied.

**I.  Speedy Trial Clause**

"The Sixth Amendment provides that in 'all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'" *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015) (quoting U.S. Const. amend. VI). "The purpose of the [speedy trial] right is to limit the time during which criminal charges are hanging over a person's head unresolved." *United States v. Clark*, 754 F.3d 401, 405 (7th Cir. 2014) (internal quotation marks omitted). Given its

1

purpose, "no Sixth Amendment right to a speedy trial arises until charges are pending," which does not occur until "a defendant is indicted, arrested, or otherwise officially accused." *United States v. MacDonald*, 456 U.S. 1, 6-7 (1982); *see also United States v. Richardson*, 780 F.3d 812, 813 (7th Cir. 2015) (same). Mitrovich argues that two events triggered the speedy trial clock in May 2015: (1) his handcuffing, which he contends was an "arrest"; and (2) the Government's application for the search warrant, which he contends constitutes an "official accusation." Doc. 22 at 2, 4-5; Doc. 27 at 2-3. Neither started the speedy trial clock.

Even assuming that Mitrovich was arrested on May 20, 2015, "an arrest by the federal authorities is insufficient" to trigger a person's speedy trial rights where, as here, "the person [wa]s immediately released without any federal charges being filed." *Richardson*, 780 F.3d at 813-14 (internal quotation marks omitted); *see also Clark*, 754 F.3d at 405 ("The Sixth Amendment speedy trial right … applies only to persons who are formally accused of a crime. To qualify as a federal arrest … , therefore, an arrest must be for the purpose of bringing federal charges, and charges must be 'pending' when the person is arrested.") (citation omitted); *United States v. Dickerson*, 975 F.2d 1245, 1252 (7th Cir. 1992) ("Dickerson was not arrested on federal charges and no federal charges were pending until December 1990. Dickerson's right to a speedy trial on the federal charges, therefore, did not arise until that time."). Likewise, neither a "criminal complaint" in a felony case nor "an affidavit … in support of a search warrant kick[s] off a prosecution," so neither qualifies as an "official accusation" sufficient to start the speedy trial clock. *Richardson*, 780 F.3d at 813-15 ("[A] complaint, affidavit of probable cause, and detainer … , even in combination, are not the equivalent of an [official accusation]."); *see also Pharm v. Hatcher*, 984 F.2d 783, 785 (7th Cir. 1993) ("The Supreme Court has adopted a narrow definition of official accusation, usually including only indictment and information. Lower

2

courts have limited the definition to events serving the same function as an indictment.") (citations omitted); *United States v. Burgess*, 684 F.3d 445, 452 (4th Cir. 2012) ("For purposes of a Sixth Amendment claim, the execution of a federal search warrant does not qualify as a federal accusation.") (internal quotation marks omitted).

Mitrovich retorts that because the May 2015 search of his home caused him greater "embarrassment" than did the November 2018 indictment, the May 2015 search should be considered an official accusation. Doc. 22 at 2-3; Doc. 27 at 2-3. That argument fails. As the Supreme Court has explained, "even though the suspect's knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life," the Speedy Trial Clause "does not … limit the length of a preindictment criminal investigation" or protect against reputational harm before criminal charges are pending. *United States v. Loud Hawk*, 474 U.S. 302, 312 (1986) (alteration and internal quotation marks omitted); *see also Richardson*, 780 F.3d at 813 ("Someone who is only the target of a criminal investigation has no right to have the government wrap up its investigation quickly and bring charges, even if the target is aware of the investigation.") (internal quotation marks omitted).

Accordingly, because Mitrovich's "right to a speedy trial on the federal charge did not arise until the federal indictment issued," *United States v. Wallace*, 326 F.3d 881, 885 (7th Cir. 2003), the 3½-year delay between the events of May 2015 and the November 2018 indictment did not violate the Sixth Amendment.

## II. Due Process Clause

Mitrovich also contends that the preindictment delay violated the Due Process Clause. Doc. 22 at 1, 7. "It is of course true that, while not creating a Sixth Amendment issue, delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment."

*Wallace*, 326 F.3d at 886 (internal quotation marks omitted); *see also United States v. King*, 338 F.3d 794, 798 (7th Cir. 2003) ("Protections against preindictment delay are more properly handled under the Due Process Clause of the Fifth Amendment."). Although a "defendant's primary safeguard against unreasonable prosecutorial delay is derived from the applicable statute of limitations," the Due Process Clause "plays a limited role in assuring that the government does not subject a defendant to oppressive delay." *United States v. McMutuary*, 217 F.3d 477, 481 (7th Cir. 2000) (internal quotation marks omitted); *see also United States v. Sowa*, 34 F.3d 447, 450 (7th Cir. 1994) ("The role of the Due Process clause is limited; indeed, we have never characterized a pre-indictment delay as a constitutional violation.").

"To establish that a preindictment delay violated the Due Process Clause, a defendant first must demonstrate that the delay caused actual and substantial prejudice to his right to a fair trial. A defendant's burden to show actual and substantial prejudice is an exacting one; the showing must rest on more than mere speculative harm. The defendant's allegations of actual and substantial prejudice must be specific, concrete, and supported by evidence." *McMutuary*, 217 F.3d at 481-82 (citations and internal quotation marks omitted). Only if Mitrovich meets his "exacting" burden "to show actual and substantial prejudice" need the Government "show that the purpose of the delay was not to gain tactical advantage over the defendant or for some other impermissible reason." *Id*. at 482 (internal quotation marks omitted); *see also Tucker v. City of Chicago*, 907 F.3d 487, 493 (7th Cir. 2018).

Mitrovich's brief suggests that he might have difficulty remembering what occurred during the May 2015 search and subsequent interviews with law enforcement. Doc. 17 at ¶¶ 4-8. Mitrovich's brief also asserts that a potential defense witness, Eric Lee Miller, "could have

4

testified to alternative ways the alleged contraband came to be on the" hard drives found at Mitrovich's home, but that Miller died in September 2018. *Id*. at ¶ 9.

Because these assertions in Mitrovich's brief are not "supported by evidence," he has failed to show the "actual and substantial prejudice" required under the Due Process Clause. *McMutuary*, 217 F.3d at 482 (internal quotation marks omitted); *see also Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015) ("[A]ssertions in briefs are not evidence … ."); *In re Morris Paint & Varnish Co.*, 773 F.2d 130, 134 (7th Cir. 1985) ("Arguments and factual assertions made by counsel in a brief, unsupported by affidavits, cannot be given any weight."). "[T]he mere fact that memories have faded is not enough to establish excessive delay" under the Due Process Clause. *United States v. Hagler*, 700 F.3d 1091, 1099 (7th Cir. 2012); *see also Aleman v. Honorable Judges of the Circuit Court of Cook Cnty.*, 138 F.3d 302, 310 (7th Cir. 1998) ("It is not enough simply to speculate … that witnesses' memories might have faded because of the passage of time."); *United States v. Baker*, 40 F.3d 154, 158 (7th Cir. 1994) (similar). As to Miller in particular, Mitrovich fails to specify which alternative theories about the pornographic images' origin Miller would have offered, and he likewise fails to show "that the jury would have found [Miller] credible." *Pharm*, 984 F.2d at 787 ("In these lost witness cases, we require proof that the witness would have testified and withstood cross-examination and that the jury would have found the witness credible."); *see also United States v. Henderson*, 337 F.3d 914, 920 (7th Cir. 2003) ("We have previously held that the death of a potential witness alone is insufficient to establish actual and substantial prejudice.") (collecting cases); *United States v. Spears*, 159 F.3d 1081, 1085 (7th Cir. 1998) (holding that a defendant asserting a due process challenge "must do more than show that a particular witness is unavailable and that the

witness'[s] testimony would have helped the defense"); *United States v. Canoy*, 38 F.3d 893, 902 (7th Cir. 1994) (similar).

Accordingly, because Mitrovich does not present "evidence" of any "actual and substantial prejudice," and because his vague allegations are insufficient to satisfy his "exacting" burden to show a due process violation based on preindictment delay, *McMutuary*, 217 F.3d at 482 (internal quotation marks omitted), his due process challenge fails.

## III. Criminal Rule 48(b)

Finally, Mitrovich seeks dismissal of the indictment under Rule 48(b). Doc. 22 at 1, 3. Rule 48(b) permits the court to "dismiss an indictment … if unnecessary delay occurs in … presenting a charge to a grand jury." Fed. R. Crim. P. 48(b)(1); *see United States v. Martin*, 287 F.3d 609, 623 (7th Cir. 2002) ("Rule 48 allows a court to ensure the fair administration of justice and prevent harassment of a defendant."). Rule 48(b) "is driven by the same general considerations as the Sixth Amendment," *United States v. Ward*, 211 F.3d 356, 362 (7th Cir. 2000) (internal quotation marks omitted), and the court therefore may treat a Rule 48(b) challenge "as a functionally equivalent alternative to [the defendant's] Sixth Amendment argument," *United States v. Bokhari*, 757 F.3d 664, 669 n.3 (7th Cir. 2014). Mitrovich has not meaningfully differentiated his Rule 48(b) argument from his Sixth Amendment argument, Doc. 22 at 3, so his inability to make out a Sixth Amendment claim dooms his argument that the court should dismiss the indictment under Rule 48(b).

## Conclusion

Mitrovich's motion to dismiss the indictment is denied.

April 23, 2019

United States District Judge