UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 18 CR 789 |
| v. ) | |
| ) | Hon. Gary Feinerman |
| DENY MITROVICH ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, respectfully submits its sentencing memorandum and recommends a sentence of 135 months' imprisonment.

**I.  Guidelines Calculation**

The PSR correctly determined that defendant's offense level was 33 and his criminal history category was I, resulting in a Guidelines range of 135 months to 168 months.

The only Guideline provision in dispute is whether five levels are added under Guideline § 2G2.2(b)(3)(B) because defendant distributed child pornography in exchange for any valuable consideration. As set forth in the plea agreement, beginning in or about August 2014, MITROVICH used TOR to access a hidden service known as "The Love Zone" ("TLZ")—an online bulletin board dedicated to the sharing of child pornography. MITROVICH participated on the TLZ under the username, "cyberguy." Under TLZ's rules, members were required to periodically upload child pornography to TLZ (i.e., "contribute") in order to maintain the ability to download child pornography from TLZ. MITROVCH complied with this rule, and he

acknowledged that between August 3, 2014, and December 9, 2014, he contributed approximately 24 times, and based on his uploading of child pornography later received additional child pornography which he viewed and downloaded.

Comment 1 to Guideline § 2G2.2 states (emphasis added):

> "The defendant distributed in exchange for any valuable consideration" means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, ***such as other child pornographic material, preferential access to child pornographic material***, or access to a child.

This definition plainly covers defendant's conduct. Accordingly, the 5-level enhancement should be applied.

## II. The Nature and Circumstances of the Offense

Between August 2014 and December 2014, defendant accessed and contributed to the child-pornography-sharing website, The Love Zone (TLZ). For example, on or about September 10, 2014, defendant contributed a post entitled "Suger Spice girl slurping cock ; )," which included a link to a video that was 4 minutes 2 seconds long that depicted a prepubescent female, including the oral penetration of this female by an adult male's penis. As another example, on or about October 10, 2014, defendant contributed a post entitled "Little pussy - Tight fit," which included a link to a video that was 3 minutes 45 seconds long that depicted a prepubescent female, including the vaginal penetration of this female by an adult males' finger and penis.

TLZ existed only on the "dark web" and could be accessed only through the Tor browser—all of which was aimed at making TLZ's users untraceable. Despite these

efforts to hide defendant's identity, he was identified as a user of TLZ and a search of his apartment revealed additional child pornography saved on his computer—namely, approximately 1,296 images and 539 videos of child sexual abuse.

Among the child pornography defendant possessed on these drives were items involving sadistic or masochistic conduct, sexual abuse, and other violence, as well as items involving sexual abuse or exploitation of a toddler. For example, the file named, "faoepaabm.jpg," consisted of a collage of pictures of the same prepubescent female. Among other things, the collage depicted (1) the oral penetration of this female by an adult male's penis while the female was handcuffed, (2) an adult male urinating on the female, (3) the female in a closed dog's crate, (4) the female with clamps on her chest, and (5) the female with the words, "hurt me," written on her body.

### III. Restitution

Several restitution claims have been made by victims in this case. The government is currently working with the defense on the issue of restitution. The government expects many, if not all, of the claims to be agreed.

In its response memorandum, the government intends to address restitution and outline any disputes that remain.

### IV. Forfeiture

The defendant agreed to forfeiture of his hard drives and a preliminary order of forfeiture will be submitted to the Court.

## V. Fine

Based upon the defendant's financial condition and the need to provide restitution to victims in this case, the government does not seek the imposition of a fine.

## VI. Supervised Release

In *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the Seventh Circuit held that sentencing courts must make an independent determination that each condition of supervised release imposed on a defendant is rationally and reasonably related to the offense conduct and characteristics, and to the sentencing purposes identified by 18 U.S.C. §§ 3583(c) and 3553(a)(1), (a)(2)(C), and (a)(2)(D). Additionally, the Court must state the reasons for imposing each condition, and ensure each condition is not broader than necessary to achieve the purposes of sentencing. *Id.*

In light of the Court's ruling in *Thompson*, the government asks the Court to impose the following conditions of supervised release:

### *Mandatory Conditions*

The following conditions are mandatory under 18 U.S.C. § 3583(d):

- Defendant shall not commit another federal, state, or local crime (Mandatory Condition #1).

- Defendant shall not unlawfully possess a controlled substance. (Mandatory Condition #2).

- Defendant shall register and comply with all requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20913). (Mandatory Condition #4).

- Defendant shall submit to the collection of a DNA sample as directed by the probation officer. (Mandatory Condition #5).
- Refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. (Mandatory Condition #6)

### *Discretionary Conditions of Supervision*

Under 18 U.S.C. § 3583(d), the Court has discretion to impose conditions of supervised release that are "reasonably related" to the factors set forth in 18 U.S.C. § 3553(a), that "involve[ ] no greater deprivation of liberty than is reasonably necessary," to meet the goals of § 3553(a), and that are "consistent with any pertinent policy statements issued by the Sentencing Commission."

The following conditions are consistent with the factors set forth in § 3553(a) and should be imposed on the basis that they facilitate supervision by the probation officer, which is important here to promote defendant's respect for the law and deter the defendant from future crimes:

- Provide financial support to any dependents if financially able to do so (Discretionary Condition #1)

- Defendant shall seek, and work conscientiously at, lawful employment or pursue conscientiously a course of study or vocational training that will equip him for employment. (Discretionary Condition #4).

- Defendant shall refrain from knowingly meeting or communicating with any person he knows to be engaged, or planning to be engaged in, criminal activity. (Discretionary Condition #6).

- Defendant shall refrain from any use of a narcotic drug or other controlled substance, without a prescription by a licensed medical practitioner. (Discretionary Condition #7)

- Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Discretionary Condition #8).

5

- Defendant shall remain within the jurisdiction where he is being supervised, unless granted permission to leave by the Court or a probation officer. *See* U.S.S.G. § 5B1.3(c)(1). (Discretionary Condition #14).

- Defendant shall report to the probation office as directed by the probation officer. *See* U.S.S.G. § 5B1.3(c)(2). (Discretionary Condition #15).

- Defendant shall permit the probation officer to visit the defendant at home, at work, at school, or another reasonable location, at any reasonable time, and to confiscate any contraband in plain view of the officer.[1] *See* U.S.S.G. § 5B1.3(c)(10). (Discretionary Condition #16).

- Defendant shall notify the probation officer, within 72 hours, of any change of residence, employment, or workplace. *See* U.S.S.G. § 5B1.3(c)(6). (Discretionary Condition #17).

- Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. *See* U.S.S.G. § 5B1.3(c)(11). (Discretionary Condition #18).

- Defendant shall satisfy other special conditions as ordered below. (Discretionary Condition #22).

- Defendant shall submit his person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. (Alternative Condition #23.)

---

[1] An additional reason for this condition is that the defendant's knowledge that he is subject to the probation officer's scrutiny at any time will encourage compliance with the law.

*Special Conditions of Supervision*

The crime in this case involves defendant's possession and distribution of materials depicting the sexual abuse of minors. Additionally, the Court may impose a significant amount of restitution as part of the judgment. Accordingly, conditions intended to reduce the likelihood of re-offense and financial repayment are warranted.

- Defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless defendant is in compliance with the financial obligations imposed by this judgment. (Special Condition #5).

- Defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release. (Special Condition #6).

- Defendant shall notify the court of any material change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments. (Special Condition #7).

- Defendant shall provide documentation to the IRS and pay taxes as required by law. (Special Condition #8).

- Defendant shall provide the probation officer with copies of his telephone bills, all credit card statements/receipts, and any other financial information requested. (Special Condition #9).

- Defendant shall participate in a sex offender treatment program, with the specific program and provider to be determined by Probation. The defendant is required to comply with all recommended treatment which may include psychological or physiological testing. Defendant shall maintain use of all prescribed medications. (Special Condition #9).

- Defendant shall not, with Probation's approval, engage in activities that will put him in unsupervised private contact with any person under the age of 18. (Special Condition #9).

- Defendant shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. (Special Condition #9).

- Defendant shall consent to the installation of computer monitoring software on all identified computers to which he has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. Defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. (Special Condition #9).

- The cost of the monitoring shall be paid by defendant at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment. (Special Condition #9).

- Defendant shall not possess or use any device with access to any online computer service at any location (including place of employment) without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system. (Special Condition #9).

- Defendant shall not possess any device that could be used for covert photography without the prior approval of a probation officer. (Special Condition #9).

- Defendant shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to 18 U.S.C. § 3583(e)(2), regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider. (Special Condition #9).

- Defendant shall not, without the approval of a probation officer and treatment provider, engage in activities that will put him in unsupervised private contact with any person under the age of 18, or visit locations where children regularly congregate (e.g., locations

8

    specified in the Sex Offender Registration and Notification Act.) (Special Condition #9).

- Defendant's employment shall be restricted to the district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment, defendant shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. Defendant shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider. (Special Condition #9).

- Defendant shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order. (Special Condition #9).

- Defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release. Defendant's monthly payment schedule shall be an amount that is at least $ or 10% of his net monthly income, defined as income net of reasonable expenses for basic necessities such as food, shelter, utilities, insurance, and employment-related expenses. (Special Condition #10).

- Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court. (Special Condition #11).

## VII. Conclusion

For the reasons set forth above, the government respectfully requests that the defendant receive a sentence that includes a term of 135 months' imprisonment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
Assistant U.S. Attorney
219 South Dearborn, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

Dated: October 4, 2022