UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 18 CR 789 |
| v. ) | |
| ) | Hon. Gary Feinerman |
| DENY MITROVICH ) | |

**GOVERNMENT'S SENTENCING RESPONSE**

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, respectfully submits this response to defendant's sentencing memorandum.

### I.    5-Level Enhancement Under § 2G2.2(b)(3)(B)

Defendant contends he did not distribute child pornography because he only shared links to child pornography, which he contends does not qualify under § 2G2.2(b)(3)(B). However, the government's understanding is that defendant did more than just share links. As noted in the plea agreement (page 3, emphasis added):

> Under TLZ's rules, members were required to periodically upload child pornography to TLX (i.e., "contribute") in order to maintain the ability to download child pornography from TLZ. MITROVICH complied with this rule, and he acknowledges that between August 3, 2014, and December 9, 2014, MITROVICH contributed approximately 24 times, and <u>based on his uploading of child pornography</u> later received additional child pornography which he viewed and downloaded.

This is consistent with the attached sealed exhibit, which is a screenshot from the TLZ website detailing defendant's contribution activity.[1] The second column

---

[1] This exhibit does not contain contraband, but it contains graphic and explicit descriptions so the government is filing it under seal.

from the right indicates the size of each file defendant contributed, with defendant contributing a total of approximately 1,996 mb of child pornography across 25 posts. This supports the inference that defendant did not merely post URLs into messages—he contributed files. And the clear purpose of uploading the content was so others could access it, as defendant had been doing with content uploaded by others. Finally, this was part of a required quid pro quo—defendant gave child pornography specifically so he could receive access to download additional child pornography.

## II. Restitution

The defendant possessed at least 1,296 images of child pornography and 539 videos of child pornography. Many of the victims in the images and videos have been identified by law enforcement. Eleven victims are presently requesting restitution. The government has been in communication with the defense and attorneys for the victims about the issue of restitution. Set forth below are agreed proposed restitution amounts for nine of the victims.[2]

---

[2] As to the remaining two victims, the government and the defense have reached an agreement in principle, but the government must consult with attorneys for the victims before the agreement can be finalized. After such consultations, and before the sentencing hearing in this matter, the government will file a supplemental restitution memorandum.

| Victim | Images Possessed | Videos Possessed | Requested Restitution | Agreed Restitution |
|---|---|---|---|---|
| Pia | 12 | 2 | $5,000 | $10,000.00 |
| Maureen | 1 | 1 | $10,000 | $5,000.00 |
| Sierra | 3 | 0 | $10,000 | $3,000.00 |
| Lily | 2 | 5 | $10,000 | $10,000.00 |
| Violet | 0 | 5 | $11,500 | $11,500.00 |
| Jenny | 2 | 0 | $3,000 | $3,000.00 |
| Fiona | 2 | 0 | $3,000 | $3,000.00 |
| Jane | 0 | 2 | $3,000 | $6,000.00 |
| Anna | 4 | 0 | $3,000 | $3,000.00 |

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
Assistant U.S. Attorney
219 South Dearborn, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

Dated: October 18, 2022

3