1

```
1      IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
2                 EASTERN DIVISION

3
     UNITED STATES OF AMERICA,        )
4                                     )
                     Plaintiff,       )
5                                     )
     -vs-                             )  Case No. 18 CR 789
6                                     )
     DENY MITROVICH,                  )  Chicago, Illinois
7                                     )  March 2, 2022
                     Defendant.       )  10:20 a.m.
8

9         TRANSCRIPT OF VIDEOGRAPHIC PROCEEDINGS
        BEFORE THE HONORABLE GARY FEINERMAN
10

11   APPEARANCES:

12   For the Government:      HON. JOHN R. LAUSCH, JR.
                              UNITED STATES ATTORNEY
13   (via video conference   BY:  MR. ANDREW C. ERSKINE
     call)                   219 South Dearborn Street, Suite 500,
14                           Chicago, Illinois   60604
                             (312)353-5300
15

16   For the Defendant:      LAW OFFICES OF VADIM A. GLOZMAN
                             BY:  MR. VADIM A. GLOZMAN
17   (via video conference   53 West Jackson Boulevard
     call)                   Suite 1128
18                           Chicago, Illinois   60604
                             (312) 726-9015
19

20   Also Present:           MR. JUSTIN WIERSEMA, Pretrial Services.
                              (via video conference call)
21

22   Court Reporter:

23              CHARLES R. ZANDI, CSR, RPR, FCRR
                    Official Court Reporter
24              United States District Court
         219 South Dearborn Street, Room 2144-G
25              Chicago, Illinois   60604
              Telephone:   (312) 435-5387
         email:  Charles_zandi@ilnd.uscourts.gov
```

1       (Proceedings heard in open court:)

2               THE CLERK:  18 CR 789, USA versus Mitrovich.

3               THE COURT:  Okay.  For the government?

4               MR. ERSKINE:  Good morning, your Honor.  Andrew

5       Erskine from behalf of the United States.

6               THE COURT:  Defense counsel?

7               MR. GLOZMAN:  Good morning, your Honor.  Vadim

8       Glozman from behalf of Deny Mitrovich, who is present in my

9       office.

10              THE COURT:  All right.  And then it seems like we

11      have Mr. Wiersema on the case -- on the call?

12              MR. WIERSEMA:  Good morning, Judge.  Justin Wiersema

13      Pretrial Services.

14              THE COURT:  Sorry.  We can't hear you.

15              MR. WIERSEMA:  Judge --

16              THE COURT:  Can't hear you.

17              So, anyway, I see Mr. Wiersema there, and he's with

18      Probation.

19              So, why don't we put Mr. Mitrovich on the -- in front

20      of the camera.

21              MR. GLOZMAN:  Your Honor, there's one issue I'd like

22      to discuss with this Court if that's okay before we proceed

23      with the change of plea hearing.

24              THE COURT:  Sure.

25              MR. GLOZMAN:  So, on Friday, both myself and

1   Mr. Mitrovich, and I believe the government also, received a

2   phone call from Pretrial indicating that they would ask your

3   Honor to make Mr. Mitrovich register as a sex offender

4   following his change of plea today.  And I believe they filed

5   a report as to that.

6          THE COURT:  Right.  And can I interrupt you for one

7   second?  That was Mr. Wiersema, and I misidentified him as

8   being with Probation.  He's with Pretrial Services.

9          So, go ahead.

10         MR. GLOZMAN:  So, that was the first time we had

11  heard that it might be necessary for Mr. Mitrovich to register

12  after today.  It was my understanding that there's no

13  conviction until a judgment is entered, which is not until

14  after sentencing, so that he would not be required to register

15  until after that.

16         So, with the short notice, we were informed that

17  Mr. Mitrovich would not be able to stay at the condo that he

18  owns and has lived for well before this case.  He can't stay

19  with his mother, who's the third-party custodian and he takes

20  care of after her stroke.  He can't stay with his brother, who

21  lives next to the mother.

22         And over the last few days, he's been scrambling to

23  try to figure out where to stay; and he's been telling people

24  about this case who never even knew about this case before,

25  trying to figure out where to stay.  And he just has nowhere

1    to go right now.

2         So, it's my position that he shouldn't have to

3    register at this juncture.  If your Honor believes or would

4    compel Mr. Mitrovich to register after a change of plea, as

5    opposed to after sentencing, I would just request that we

6    continue this hearing to give him more than two business days

7    to figure out where to stay because he'll be homeless if, you

8    know, he has to do this today.

9         THE COURT:  Understood.  Government, do you have any

10   thoughts on whether or not Mr. Mitrovich would be required to

11   register upon a plea of guilty and -- before sentencing?

12        MR. ERSKINE:  Your Honor, in the past, in similar

13   cases, the defendant has been ordered to register, and that

14   has been a practice.  And the government thinks that it is --

15   that it would be appropriate, based on at least the past

16   practice.

17        But candidly, I have not viewed the statutory

18   language that -- I think it would be Illinois law statutory

19   language that applies here.

20        THE COURT:  I agree.  And so when there is a guilty

21   plea, there isn't -- there is a judgment of conviction as part

22   of the guilty plea.  There isn't a judgment and commitment

23   order, and there's no final judgment in the criminal case; but

24   there is a judgment of conviction.

25        But I, too, like the government, am not intimately

1    familiar with Illinois law as to when a defendant has to

2    register, upon a guilty plea or only after a sentence.

3              Mr. Glozman, do you have any insights into that?

4              MR. GLOZMAN:  I don't, your Honor.  I unfortunately

5    don't have too much experience with the registration cases.

6    In state court, usually you get sentenced the same day you

7    plead guilty, so it's never really been an issue in state

8    court.  And I have not dealt with this issue at this juncture.

9              I'm not sure if this Court has the authority to enter

10   an order withholding the registration requirement.  All I will

11   say is that, you know, the conduct that's at issue here is

12   almost eight years old; and he's been living where he's living

13   with no issues, and he's had, I believe, no violations of his

14   conditions of release.  The only thing that's changing now is

15   the guilty plea.

16             We just need more than two business days to try to

17   find him somewhere to live if he does have to leave this

18   condo.

19             THE COURT:  Understood.  Let me ask if Pretrial was

20   able to get back on the call.

21             MR. WIERSEMA:  Yes, your Honor.  Can the Court hear

22   me?

23             THE COURT:  Yes, we can now.

24             MR. WIERSEMA:  Thank you.  I'm having problems with

25   the video.

1          I am, Judge.  What -- if I could on this, I have some
2    information.  The State of Illinois law requires registration
3    upon sentencing order.  That is the exact word that is used.
4    So --

5          THE COURT:  Could you -- I'm sorry, Mr. Wiersema.
6    Can you repeat that one more time?  "Requires registration
7    upon" --

8          MR. WIERSEMA:  Upon entering of a sentencing order.
9    That is the exact words.  And if I could verify that right
10   now.

11         So, the reason that Pretrial does ask the Court to do
12   so is just that, as Mr. Glozman summarized pretty well, many
13   times in state court, the sentencing -- the change of plea or
14   the plea of guilty and the sentencing are the same day; but in
15   federal court, as we know, individuals remain on bond for a
16   lengthy period of time.

17         So, Pretrial Services just recommends that the
18   registration be done; but again, the law says, "upon
19   sentencing order."

20         So it's just a recommendation to the Court.  Many
21   judges in our building have not done so.  Many have deferred
22   judgment until the sentencing date or just not required the
23   defendant to register.

24         So, there is some -- some leeway to allow this to
25   happen without him registering.

1      THE COURT:  So, I mean, I want to follow Illinois

2  law, and it sounds like Illinois law does not require

3  registration until there's a sentencing order.  If that's the

4  case, I suppose I could require registration after just a

5  guilty plea, but there would have to be a reason for doing so.

6      Government, is there a reason specific to this case

7  why I ought to require Mr. Mitrovich to register upon a guilty

8  plea and before sentencing?

9      MR. ERSKINE:  Not specific to this case, no, your

10  Honor.

11      THE COURT:  Probation, is there anything specific to

12  this case?

13      MR. WIERSEMA:  No, Judge.  The only minor thing is

14  that he does live nearly across the street from a school, an

15  elementary school, as noted in my report; but we have no --

16  one minor violation from several years ago, which is not

17  related to any minors at all.  So, we have no concerns about

18  that, and this case is not specific.

19      THE COURT:  All right.  So, given that, and given

20  that Mr. Mitrovich has been living at the same place for an

21  extended period of time, and given that state law would not

22  require him to register upon the entry of a guilty plea before

23  sentencing, and in light of Probation's position and the

24  government's position, I would not be requiring Mr. Mitrovich

25  to register upon entry of a guilty plea, although, of course,

1   after sentencing, he would be required to do so in accordance
2   with Illinois law.

3           MR. GLOZMAN:  Of course.

4           THE COURT:  So, with that, should we proceed?

5           MR. GLOZMAN:  Yes, your Honor.  I'll switch spots
6   with Mr. Mitrovich, and we can proceed.

7           THE COURT:  All right.  So, there is a -- there is a
8   CARES Act order on the docket.  Let me just confirm with the
9   government that you're agreeable to proceeding by video?

10          MR. ERSKINE:  Yes, your Honor.

11          THE COURT:  Okay.  Mr. Glozman, are you agreeable to
12  proceeding by video?

13          MR. GLOZMAN:  Yes, your Honor, we're agreeable.

14          THE COURT:  And, Mr. Mitrovich, are you agreeable to
15  proceed with this guilty plea hearing by video?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  And do you understand that if you wanted
18  to -- you have the right to have this hearing in person; and
19  if you wanted to have it in person, we would have it in
20  person.  Do you understand that?

21          THE DEFENDANT:  Yes, I do, your Honor.

22          THE COURT:  And understanding that, is it -- is it
23  still your desire to proceed by video today?

24          THE DEFENDANT:  Correct.

25          THE COURT:  All right.  So, we'll proceed.

1          The Court understands that it's your intention to

2     offer a plea of guilty this morning.  Before I can accept

3     your plea, I must determine that you're competent to plead at

4     this time; that you have the assistance -- you've had the

5     assistance of counsel; that you understand the trial and

6     appeal rights you'd be giving up by pleading guilty; that you

7     understand the nature of the charges against you; that your

8     plea is voluntary; and that there's a factual basis for your

9     plea.

10          I'm going to ask Ms. Deanes to put you under oath,

11     and then I'm going to ask you some questions about this case;

12     but before I do so, I'd like for you to understand a few

13     things.

14          First, at any time during this hearing, if you want

15     to take a break and consult with Mr. Glozman, we'll give you a

16     chance to do so.  Understood?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Second, any false answers to any

19     questions that I ask you could possibly subject you to a

20     further prosecution for perjury or false statement.

21     Understood?

22          THE DEFENDANT:  Understood, your Honor.

23          THE COURT:  Third, if you go ahead and plead guilty,

24     you need to admit your guilt.  If you admit your guilt, you

25     testify against yourself.

1    So, do you understand that if you go ahead and plead
2  guilty, you'll necessarily be waiving your right not to
3  testify against yourself?
4    THE DEFENDANT:  Yes, your Honor.
5    THE COURT:  And finally, if at any time during this
6  hearing you decide that you don't want to go ahead with the
7  guilty plea today, that's fine.  It happens on occasion.  You
8  just need to let us know if you don't want to move forward.
9  Understood?
10    THE DEFENDANT:  Understood.
11    THE COURT:  Go ahead, Jackie.
12    THE DEFENDANT:  Can you please raise your right hand
13  and state your name for the record.
14    THE DEFENDANT:  Deny Mitrovich.
15    (Defendant sworn.)
16    THE DEFENDANT:  I do solemnly swear.
17    THE CLERK:  You've been sworn.  You may put your
18  hand down.
19    THE COURT:  So, could you please say your name again?
20    THE DEFENDANT:  Deny Mitrovich.
21    THE COURT:  How old are you?
22    THE DEFENDANT:  Me?  I'm 44.
23    THE COURT:  In what city or town do you live?
24    THE DEFENDANT:  I live in Cook County, in Chicago.
25    THE COURT:  Are you married?

1    THE DEFENDANT:  Yes, but soon to be divorced.

2    THE COURT:  How many grades did you complete in

3 school?

4    THE DEFENDANT:  I got two years in the community

5 college at Wilbur Wright Community College.

6    THE COURT:  Are you currently employed?

7    THE DEFENDANT:  Yes, your Honor.

8    THE COURT:  What's your job?

9    THE DEFENDANT:  I work at Agenda Water Solutions.

10 It's a plumbing warehouse, and we supply jobs and smalltime

11 plumbing businesses with plumbing supplies, drains, pipes,

12 toilets, that kind of thing.

13    THE COURT:  Understood.  Are you a citizen of the

14 United States?

15    THE DEFENDANT:  Yes, your Honor.

16    THE COURT:  Are you in good physical health?

17    THE DEFENDANT:  Yes, your Honor.

18    THE COURT:  Have you taken any recreational drugs or

19 drunk any alcoholic beverages in the last 24 hours?

20    THE DEFENDANT:  No, your Honor.

21    THE COURT:  Have you recently been under the care of

22 a doctor or in a hospital for a mental condition or addiction?

23    THE DEFENDANT:  No, your Honor.

24    THE COURT:  Let me ask Mr. Glozman, do you have any

25 doubt as to Mr. Mitrovich's competence to plead guilty at this

1    time?

2              MR. GLOZMAN:  No, your Honor.

3              THE COURT:  Government, do you?

4              MR. ERSKINE:  No, your Honor.

5              THE COURT:  I don't, either.  I'm going to find that

6    the defendant is competent to offer a plea of guilty.

7              Could you please tell me the name of your attorney.

8              THE DEFENDANT:  Vadim Glozman.

9              THE COURT:  Have you had enough time to speak with

10   Mr. Glozman?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Have you told Mr. Glozman everything you

13   know about the case?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Are you satisfied with his advice and

16   efforts?

17             THE DEFENDANT:  Yes.  He's been very diligent in the

18   case, and he's very knowledgeable.  He's one of the best

19   lawyers that I've had a chance to deal with.

20             THE COURT:  So, you're charged by indictment with

21   knowingly possessing child pornography.  Have you had a

22   chance to read the indictment in this case?

23             THE DEFENDANT:  I think a while ago, but that's been

24   a -- towards the beginning of the case.

25             THE COURT:  All right.  And did you discuss the

1  charges -- the charge against you with Mr. Glozman?

2  THE DEFENDANT:  Yes.  We talked about it, and we

3  discussed it in detail; and I'm aware of the punishments and

4  things of that nature.

5  THE COURT:  Okay.  And, Mr. Glozman, without getting

6  into the details, what did you tell Mr. Mitrovich that the

7  indictment charges him with doing?

8  MR. GLOZMAN:  Your Honor, I told Mr. Mitrovich that

9  he is charged with the possession of child pornography, which

10  is a federal offense, and that he possessed it on the date

11  specified in the indictment.

12  THE COURT:  And, Mr. Mitrovich, do you understand the

13  charge against you?

14  THE DEFENDANT:  Yes, your Honor.

15  THE COURT:  And have you discussed with Mr. Glozman

16  your intention to plead guilty to that charge?

17  THE DEFENDANT:  Yes, your Honor.

18  THE COURT:  So, if you go ahead and plead guilty,

19  your guilty plea will be valid only if you understand the

20  rights that you're giving up by pleading guilty.  And those

21  rights are set forth in the plea agreement, but I also want

22  to discuss them with you here this morning.

23  So, these are rights that you have, and these are

24  rights that you'd be giving up if you plead guilty.

25  So, do you understand that under the Constitution

1    and laws of the United States, you have a right to a trial by

2    jury on the charge against you?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  And you've previously pleaded not guilty.

5    Do you understand that you have a right to stick with your

6    not-guilty plea and insist upon a trial?

7           THE DEFENDANT:  Yes, I do understand.

8           THE COURT:  And do you understand that if you do

9    that, you have a right to a speedy trial; you have a right to

10    see and hear all the witnesses called to testify against you;

11    you have a right to use the court's subpoena power to compel

12    the attendance of witnesses that you'd like to present at

13    trial; and that your attorney would have the right to examine

14    or cross-examine the witnesses at trial?

15           THE DEFENDANT:  Yes, I understand.

16           THE COURT:  And do you understand that you have a

17    right to be represented by counsel at every stage of the

18    proceeding and to have counsel appointed for you if you

19    cannot afford counsel?

20           THE DEFENDANT:  Yes, I was -- I'm aware of that.

21           THE COURT:  Okay.  And, Mr. Glozman, are you

22    retained?

23           MR. GLOZMAN:  Yes, your Honor, I'm retained.

24           THE COURT:  Okay.  So, right now, Mr. Mitrovich,

25    you're paying your own attorney, Mr. Glozman.  If there

1   comes a point in this case, whether you plead guilty or not,

2   where you cannot afford to pay for your own attorney, the

3   Court will appoint an attorney to represent you at no charge

4   to you.  Do you understand that?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Okay.  Do you understand that if this

7   case went to trial, you'd be presumed innocent?  What that

8   means is that in order to get a not-guilty verdict, you don't

9   have to prove anything; you don't have to say anything; you

10  don't have to testify.

11          THE DEFENDANT:  I kind of understand that, but I'm

12  not real good with --

13          THE COURT:  You have the presumption of innocence.

14  So, what that means is that -- let me get at it from a

15  different direction.

16              In order to get a guilty verdict, the government

17  bears the burden of proving beyond a reasonable doubt that

18  you're guilty of the charge against you.  Do you understand

19  that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  And if the government doesn't prove

22  beyond a reasonable doubt that you're guilty of the charge

23  against you, you will be found not guilty regardless of

24  whether you present any evidence or not.

25          THE DEFENDANT:  Okay.

1    THE COURT:  Do you understand that?

2    THE DEFENDANT:  Yes, I understand.

3    THE COURT:  And do you understand that at any trial,

4  while you'd have the right to testify if you wanted to, you'd

5  also have the right not to testify?

6    THE DEFENDANT:  I understand.

7    THE COURT:  And do you understand that if you chose

8  not to testify, no inference or suggestion of guilt could be

9  drawn from the fact that you did not testify?

10    THE DEFENDANT:  I -- yeah, I -- I understand.

11    THE COURT:  Okay.  And do you understand that if

12  this trial were a jury trial, the jury would be composed of

13  12 people?

14    THE DEFENDANT:  Yes.

15    THE COURT:  So, what would happen is we would have a

16  list of about 40 or 45 potential jurors.  They would all get

17  jury summons.  They would come to the courthouse and fill out

18  written questionnaires that asked various things about their

19  backgrounds and views of certain matters.  Jackie would make a

20  copy of all those questionnaires for you and for the

21  government and for me.

22    And then after I had a chance to review those

23  questionnaires, I would ask each of the prospective jurors

24  questions in open court.  Do you understand that?

25    THE DEFENDANT:  I understand, your Honor.

1       THE COURT:  And then after that process was done,

2   Mr. Glozman on your behalf would have the right to ask me to

3   excuse from service in this case any of the prospective jurors

4   that you believed were biased against you or couldn't give you

5   a fair trial or were disqualified for some other reason.

6       Do you understand that?

7       THE DEFENDANT:  I understand, your Honor.

8       THE COURT:  And I could either grant all of those

9   requests, deny all of them, or grant some and deny others.

10      And do you understand that of the prospective jurors

11  that remained after that process, you could excuse 10 of them

12  from service in this case without giving me any reason at all?

13      THE DEFENDANT:  I understand.

14      THE COURT:  And do you understand that if this case

15  went to trial and it were a jury trial, in order for you to be

16  found guilty, the jury would have to vote unanimously in favor

17  of guilt; it would have to be 12-to-0 in favor of guilt?

18      THE DEFENDANT:  12-to-0.

19      THE COURT:  In order for you to be found guilty, the

20  jury would have to be unanimous.

21      THE DEFENDANT:  Yes.  Okay.  So, then, I don't know,

22  like, it would be under just like one -- one count or -- one

23  count?

24      THE COURT:  There's just one count of the indictment,

25  is that right, Mr. Erskine?

1          MR. ERSKINE:  Yes, your Honor, there's one count.

2          THE COURT:  Yeah.  So, the jury would be just voting

3   on one count of the indictment, possession of child

4   pornography.  And in order to find you -- the only way you

5   could be found guilty is if the jury votes 12-to-nothing,

6   12-to-0 in favor of guilt.  Do you understand that?

7          THE DEFENDANT:  Yes, yes, your Honor.

8          THE COURT:  So, do you also understand that if you

9   and the government and the Court agreed, the trial could be a

10  bench trial?  And a bench trial is still a trial, but the

11  difference between a bench trial and a jury trial is that at a

12  jury trial, the jury decides whether you're guilty or not

13  guilty; and at a bench trial, the judge, probably me, would be

14  making that decision.

15         THE DEFENDANT:  I understand, your Honor.

16         THE COURT:  And do you understand that whether it's a

17  bench trial or a jury trial, the government is held to the

18  same beyond a reasonable doubt standard?

19         THE DEFENDANT:  So, basically, they would have to

20  prove -- yeah, prove without a doubt that -- yeah, I

21  understand.

22         THE COURT:  Without a reasonable -- proof beyond a

23  reasonable doubt.

24         THE DEFENDANT:  Okay.  Yes.

25         THE COURT:  And that burden is on the government at

1  both a jury trial and a bench trial.  Understood?

2          THE DEFENDANT:  Understood, your Honor.

3          THE COURT:  And do you understand that if you were

4  found guilty at a trial, whether it's a bench trial or a jury

5  trial, you'd have the right to appeal the guilty verdict to

6  the Court of Appeals?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And do you understand that if you plead

9  guilty, you waive, you give up all the rights that I've just

10  mentioned?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  And do you understand that if you plead

13  guilty and I accept your plea, there will not be a trial; I'll

14  enter a finding of guilty on the sole count of the indictment;

15  and then we'll set a sentencing hearing for about three months

16  from today, at which I'll decide upon your sentence after I

17  have a chance to consider a Presentence Investigation Report

18  prepared by the Probation Office, any briefs that Mr. Glozman

19  files, any briefs that the government files, and any

20  statements or arguments that are made at the sentencing

21  hearing?

22          THE DEFENDANT:  I understand, your Honor.  I mean,

23  I've been --

24          MR. GLOZMAN:  Just answer his question.

25          THE DEFENDANT:  Yes, yes.

1        THE COURT:  And I've told you about the rights you

2   would be giving up if you pled guilty.  If you go ahead and

3   plead guilty, you will retain certain appeal rights.  You

4   could appeal the validity of your guilty plea; you could

5   appeal your sentence; and you could appeal my ruling that

6   denied your motion to suppress.  Do you understand that?

7        THE DEFENDANT:  Yes, your Honor.

8        THE COURT:  So, there's a plea agreement in this

9   case.  And I have a copy that's fully signed.  It's 20 pages.

10  Do you have a copy of the plea agreement there, Mr. Mitrovich?

11       THE DEFENDANT:  Yes, your Honor.

12       THE COURT:  Could you turn to page 20.

13       Is that your signature there?

14       THE DEFENDANT:  Yes.  Yes, your Honor.

15       THE COURT:  Did you read the document before you

16  signed it?

17       THE DEFENDANT:  Yeah.  I read through it, and then

18  Vadim explained page by page to me.

19       THE COURT:  Okay.  So, you discussed the plea

20  agreement with Mr. Glozman?

21       THE DEFENDANT:  Yes, your Honor.

22       THE COURT:  And do you understand that this plea

23  agreement encompasses your entire deal with the government,

24  what they're promising to you and what you're promising to

25  them?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And I know you're in a tough position

3    right now because you're under indictment for a serious

4    charge.  Do you believe that entering into this plea agreement

5    is your best option at this point?

6          THE DEFENDANT:  I believe so, your Honor, because --

7    yes, I understand.

8          THE COURT:  Let me ask the government to state what

9    the maximum penalties are in this case.

10          MR. ERSKINE:  Your Honor, the proposed offense of

11   conviction has a maximum possible sentence of 20 years'

12   imprisonment, a maximum fine of $250,000, a term of supervised

13   release must be imposed of at least five years, up to any

14   number of years, including life.  And there's also a mandatory

15   special assessment of $100.  And restitution must be ordered

16   as well to any victims.

17          THE COURT:  Okay.  Do you understand that,

18   Mr. Mitrovich?

19          THE DEFENDANT:  I believe so.  I think I understand

20   it all.

21          THE COURT:  I mean, do you understand what the

22   maximum penalties are in this case?

23          THE DEFENDANT:  Yes, I understand the maximum

24   penalty.

25          THE COURT:  Okay.  And restitution, Mr. Erskine, I

1    know that restitution is mandatory.  Do we have any sense as

2    to what restitution will be in this case?

3          MR. ERSKINE:  No, your Honor.  It will -- it will

4    take further discussion as to who persists in a claim and

5    that sort of analysis, so at this time, we don't know what

6    that number is.

7          THE COURT:  Okay.  Do you understand, Mr. Glozman,

8    that while you -- restitution is mandatory, I can't tell you

9    right now how much money your restitution obligation is going

10    to be?

11          MR. GLOZMAN:  Do you mean Mr. Mitrovich?

12          THE COURT:  Yeah.  I'm sorry.  Mr. Mitrovich.

13          THE DEFENDANT:  Yes, I understand.

14          THE COURT:  And in terms of a forfeiture, I believe

15    that the plea agreement has you agreeing to forfeit these

16    three hard drives that are listed in the plea agreement.

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  That means you give up your right -- your

21    ownership rights in those hard drives, and those have to be

22    turned over to the government.  Understood?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Have you had a chance to speak with

25    Mr. Glozman about the Sentencing Guidelines?

1    THE DEFENDANT:  Yes.

2    THE COURT:  So, from the plea agreement, I can see

3    that you and the government don't agree on what the Guidelines

4    range is going to be.  The government is indicating that it

5    believes that the Guidelines range is going to be 188 to

6    235 months, and that you believe that the Guidelines range is

7    going to be 78 to 97 months.

8    THE DEFENDANT:  Yes.

9    THE COURT:  I -- and that has to do with -- I guess

10   the government believes that there's going to be a five-level

11   enhancement under 2G2.2(b)(3)(B) for knowingly engaging in

12   distribution in exchange for valuable consideration, and

13   you -- you believe that that five-level enhancement doesn't

14   apply.

15   And are the other three levels, Mr. Erskine, having

16   to do with acceptance?

17   MR. ERSKINE:  Yes, your Honor.  The government is

18   reserving acceptance at this time.

19   THE COURT:  So, those are the two issues that are

20   resulting in the difference of opinion at this point between

21   you and the government regarding the Guidelines range.

22   I can't tell you right now what your Guidelines

23   range is going to be.  I'll make that determination at the

24   sentencing hearing after I have a chance to consider

25   everybody's position and everybody's argument, including the

1  Probation Office.  Do you understand that?

2  THE DEFENDANT:  Yes, your Honor.

3  THE COURT:  So, if at the sentencing hearing I decide

4  that the Guidelines range is -- I make a determination about

5  the Guidelines range that you disagree with, you'll have the

6  ability to appeal your sentence; however, if it turns out that

7  you disagree with my calculation of the Guidelines range, that

8  won't give you a justification to withdraw your guilty plea.

9  Understood?

10  THE DEFENDANT:  I understand, your Honor.

11  THE COURT:  And also, whatever the Guidelines range

12  is going to be, I'm not required to impose a sentence within

13  that range.  So, whatever it is, whatever the Guidelines range

14  is, I can impose -- I can impose a sentence within that range.

15  I can also impose a sentence above the range all the way up to

16  the statutory maximum of 20 years, and I also can impose a

17  sentence that's below the range.  Do you understand that?

18  THE DEFENDANT:  Yes, your Honor, I fully understand.

19  THE COURT:  And again, if you end up disagreeing with

20  the sentence that I impose, if you think it's unfair or too

21  high, you can appeal your sentence; however, if you end up

22  disagreeing with my sentence, that won't give you a

23  justification to withdraw your guilty plea.  Understood?

24  THE DEFENDANT:  I understand, your Honor.

25  THE COURT:  Let me ask the government, do you think

1   there's anything else about sentencing that I ought to discuss

2   with Mr. Mitrovich?

3           MR. ERSKINE:  No, your Honor.  Well, I guess, your

4   Honor, just perhaps clarifying his understanding that, as we

5   discussed earlier, when he gets sentenced, it's quite possible

6   and likely he'll have to register.

7           THE COURT:  Right.  And do you understand that,

8   Mr. Mitrovich?

9           THE DEFENDANT:  I just wanted to get clarification on

10  what tier would that be?  Would that be Tier 1?

11          THE COURT:  I'm not sure I understand your question.

12          THE DEFENDANT:  With regard to registration, is that

13  Tier 1, Tier 2, or Tier 3?

14          MR. GLOZMAN:  Your Honor, I'll do some research on

15  Mr. Mitrovich's request as to what kind of registration will

16  be required by him, but I think he understands that some kind

17  of registration will be required.

18          THE COURT:  Is that correct, Mr. Mitrovich?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Okay.  And I don't know what tier you're

21  going to be.  All I can tell you is that after the sentencing

22  hearing, I guess within three days, you're going to have to

23  register under -- with the Illinois authorities under

24  Illinois law.

25          THE DEFENDANT:  That's the Illinois State Police

1  or --

2              THE COURT:  Yes.

3              THE DEFENDANT:  Okay.  Yes, I understand.

4              THE COURT:  So, Mr. Mitrovich, has anyone forced you

5  in any way to plead guilty?

6              THE DEFENDANT:  No.

7              THE COURT:  Has anyone threatened you in any way to

8  cause you to plead guilty?

9              THE DEFENDANT:  No, your Honor.

10              THE COURT:  Is your decision to plead guilty entirely

11  voluntary?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  And do you understand that the final

14  decision as to what your sentence will be rests with me,

15  subject to review by the Court of Appeals?

16              THE DEFENDANT:  I understand, your Honor.

17              THE COURT:  So, let me ask the government to state

18  what its evidence would be with respect to the sole count of

19  the indictment if this case were tried.

20          And, Mr. Mitrovich, I'm going to ask that you pay

21  close attention to what the government's about to say because

22  when the government is finished, I'm going to ask you whether

23  the government's statement was correct, whether you did the

24  things that the government said that you did, and whether you

25  disagree with any part of the government's statement, even if

1   it's just a minor detail.

2        Understood?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Go ahead, government.

5        MR. ERSKINE:  Yes, your Honor.  And I'm reading

6   starting towards the top of page 3.

7        Beginning in or about August 2014, Mitrovich used Tor

8   to access a hidden service known as The Love Zone or TLZ, an

9   online bulletin board dedicated to the sharing of child

10   pornography.  Mitrovich participated on TLZ under the username

11   cyberguy.  Under TLZ's rules, members were required to

12   periodically upload child pornography to TLZ, i.e.,

13   contribute, in order to maintain the ability to download child

14   pornography from TLZ.

15        Mitrovich complied with this rule, and he

16   acknowledges that between August 3rd, 2014, and December 9,

17   2014, Mitrovich contributed approximately 24 times; and based

18   on his uploading of child pornography, later received

19   additional child pornography, which he viewed and downloaded.

20        For example, on or about September 10, 2014,

21   defendant contributed a post entitled, "Sugar Spice Girl

22   Slurping," C-word, which included a link to a video that was

23   4 minutes, 2 seconds long that depicted a prepubescent female,

24   including the oral penetration of this female by an adult male

25   penis.

1       As another example, on or about October 10, 2014,

2  defendant contributed a post entitled, "Little," P-word,

3  "Tight Fit," which included a video that was 3 minutes,

4  25 seconds long, that depicted a prepubescent female,

5  including the vaginal penetration of this female by an adult

6  male's finger and penis.

7       On or about May 20th, 2015, defendant possessed three

8  hard drives in his home in Chicago.  Each of the three drives

9  contained child pornography, and each drive was manufactured

10  outside the United States.

11       The Western Digital external hard drive serial number

12  WCARW6062159 contained approximately 1,263 images of child

13  pornography and approximately 539 videos of child pornography.

14       The Hitachi internal hard drive serial number

15  HN07304A contained approximately 17 images of child

16  pornography.

17       The Western Digital internal hard drive, serial

18  number WCASY1307751, contained approximately 16 images of

19  child pornography.

20       Defendant acknowledges that among the child

21  pornography defendant possessed on these drives were items

22  involving sadistic or masochistic conduct, sexual abuse, and

23  other violence, as well as items involving sexual abuse or

24  exploitation of a toddler.  For example, the file named

25  FAOEPAABM.JPG consisted of a collage of pictures of the same

1  prepubescent female.  Among other things, the collage depicted
2  the oral penetration of this female by an adult male's penis
3  while the female was handcuffed, an adult male urinating on
4  the female, the female in a closed dog's crate, the female
5  with clamps on her chest, and the female with the words
6  "hurt me" written on her body.
7          THE COURT:  Okay.  Mr. Mitrovich, have you heard the
8  government's statement?
9          THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Is it correct?
11          THE DEFENDANT:  I --
12    (Discussion had between the defendant and counsel.)
13          THE DEFENDANT:  Yes, your Honor.
14          THE COURT:  Did you do the things that the government
15  said that you did?
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  Is there any part of the government's
18  statement that you disagree with, whether you think it's a
19  major issue or a minor detail?
20          THE DEFENDANT:  No, your Honor.
21          THE COURT:  So, at this point, Mr. Mitrovich, I can
22  ask you, how do you now plead to the sole count of the
23  indictment?
24          THE DEFENDANT:  I plead guilty?
25          THE COURT:  Okay.  You're a little equivocal there.

1   So, let me ask you again, Mr. Mitrovich.  How would you like
2   to plead to the sole count of the indictment?
3            THE DEFENDANT:  I plead guilty, your Honor.
4            THE COURT:  Since you acknowledge that you're, in
5   fact, guilty as charged as to the sole count of the
6   indictment; you've had the assistance of counsel; there's a
7   factual basis for your plea; you know the trial and appeal
8   rights you'll be giving up by pleading guilty -- you are
9   giving up by pleading guilty; you know what the maximum
10  possible punishment is; and you're voluntarily pleading
11  guilty, I'll accept your plea of guilty and enter a judgment
12  of guilty on your plea as to the sole count of the indictment.
13           I'll ask the Probation Office to prepare a
14  Presentence Investigation Report.  And, Jackie, let's set this
15  for a sentencing hearing.
16           THE CLERK:  Sure.  May 25th at 10:30 a.m.
17           MR. GLOZMAN:  Your Honor --
18           THE COURT:  Does that work for both lawyers?
19           MR. GLOZMAN:  Your Honor, I'm expecting my first
20  child about a week before that.  I was hoping maybe we can go
21  a little bit further.
22           THE COURT:  I'm sorry.  When would you like to go to?
23           MR. GLOZMAN:  Sorry, your Honor.  I'm expecting a
24  child about then.  I was hoping to get some more time before
25  sentencing.  Maybe we could do middle of June.

1      THE COURT:  Okay.  Government, is that okay with you?

2      MR. ERSKINE:  Your Honor, it's fine to delay it.  I

3   expect to be on trial in the middle of June.

4      THE COURT:  Okay.  What we can -- go ahead, Jackie.

5      THE CLERK:  June 8th?

6      THE COURT:  I don't know if that's going to give

7   Mr. Glozman enough time.  Why don't we say late June.

8      MR. ERSKINE:  That works for the government.

9      THE CLERK:  June 28th.

10      MR. GLOZMAN:  I'm starting a trial the 27th.  Can we

11   do the week before?

12      THE CLERK:  Actually, we'll be on trial that week.

13      MR. GLOZMAN:  The one I have starting on the 27th

14   will be between two and three weeks long.

15      THE COURT:  So, the 20th we're on trial, Jackie?

16      THE CLERK:  June 20th is actually a holiday, Judge.

17      THE COURT:  Right.  It's the 21st, and we have a jury

18   trial that week?

19      THE CLERK:  Yes.

20      THE COURT:  And, Mr. Erskine, you're on trial during

21   the week of the 13th?

22      MR. ERSKINE:  Yes, your Honor.

23      MR. GLOZMAN:  Your Honor, I'll make June 8th work.

24      MR. ERSKINE:  I'm sorry, your Honor.  I'm on trial

25   the first three weeks of June.  The government would have no

1    objection to July.

2         THE COURT:  Okay.  Why don't we go into July, then,

3    Jackie.

4         THE CLERK:  Sure.  How about July 7th.

5         MR. GLOZMAN:  I think I'll still be on trial that

6    week from the 27th.  Can we do the week of the 18th?

7         THE CLERK:  Sure.  How about July 21st?

8         MR. GLOZMAN:  That works for me.

9         MR. ERSKINE:  That works for the government.

10        THE CLERK:  10:30 a.m.

11        THE COURT:  Okay.  Mr. Mitrovich, you're still on

12   bond, and your conditions of pretrial release remain in place.

13   Do you understand that?

14        THE DEFENDANT:  Yes, your Honor.

15        THE COURT:  Government, anything further?

16        MR. ERSKINE:  Nothing further, your Honor.  Thank

17   you.

18        THE COURT:  Mr. Glozman?

19        MR. GLOZMAN:  Nothing further, your Honor.

20        THE COURT:  All right.  We'll get back together in

21   July.

22        THE DEFENDANT:  Thank you, your Honor.

23        MR. ERSKINE:  Thank you.

24        MR. GLOZMAN:  Thank you, your Honor.

25        (Which were all the proceedings heard.)

1              CERTIFICATE

2     I certify that the foregoing is a correct transcript from

3  the record of proceedings in the above-entitled matter.

4

5  /s/Charles R. Zandi              February 8, 2023

6  Charles R. Zandi                 Date
   Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25